## CORNELL *vs.* TODD and another.

Several written instruments executed at the same time, between the same parties and relating to the same subject matter, should be construed together as forming parts of a single contract or conveyance.

But identity as to the parties and the date alone is not enough: the rule does not apply unless the papers appear on their face or are shown by competent extrinsic evidence to relate to the same transaction.

Accordingly, where a party derived title to two adjoining parcels of land by a separate conveyance for each parcel from the same grantor and bearing the same date, but which did not refer to each other; and by one of the conveyances a piece of land which was parcel of the premises conveyed by the *other* deed was in terms excepted; *held* that each conveyance must stand by itself, and that the exception not being for a part of the thing granted by the deed in which it was contained, was void.

ERROR to Washington C. P. Cornell brought trespass in the court below against John & David Todd, for breaking and entering his dwelling house in Argyle, Washington county; and the question was on the title to the *locus in quo.* The plaintiff gave in evidence a warranty deed from Archibald Robertson and his wife to the plaintiff and his brother Sidney Cornell, dated April 18, 1829, and recorded on the 12th of May following, by which, for the consideration of $250, Robertson and wife conveyed to the Cornells in fee a piece of land in the northwest corner of farm lot number 88, in said town of Argyle, which piece was described by metes and bounds, and contained ten acres. On the north and west the ten acre piece was bounded by the lines of the lot, on the east it was bounded by a highway running northerly and southerly, and on the south by a line parallel to the north line of the lot. On the east end of the ten acre piece, fronting the highway, stood the house in question. Robertson had been in possession of the property several years before he conveyed to the Cornells. At the time of the conveyance Elizabeth McGivern occupied the two front rooms in the house and a part of the land about the house. The two Cornells occupied the ten acre piece of land, with the exception of about an acre where the house stood, from the date

of the deed until about the year 1837; since which time the plaintiff has had the exclusive possession. Mrs. McGivern died in the summer of 1841. In November following Daniel McGivern gave up the possession to the plaintiff, who entered and fastened up the house. In the spring of 1842, the defendants broke and entered the house, which was the trespass complained of.

The defendants gave in evidence a warranty deed from said Robertson and wife to the two Cornells, dated April 18, 1829, and recorded the 12th of May following, by which, for the consideration of $2250, Robertson and wife conveyed to the Cornells in fee, a part of the said farm lot number 88, described by metes and bounds, and containing 110 acres and 89 perches of land. This was bounded on the north and west by the ten acre piece of land; but did not include any part of it. After describing the property conveyed, there was an exception as follows:—"*Excepting and reserving* to the party of the first part a certain piece or parcel of land, commencing at the south bounds of Samuel Donaldson's land on the east side of the highway, and runs south five degrees, west two chains and fifty links; thence north eighty-five degrees west four chains and seventy links; then north five degrees east two chains and fifty links; then south eighty-five degrees east four chains and seventy links to the place of beginning, containing one acre and twenty-eight rods of land. *Also excepting and reserving* the right of Elizabeth McGivern to the two front rooms of said house, situated on the before mentioned and excepted acre and twenty-eight rods of land, during the time she shall continue to occupy them, or when her right becomes extinct, then said right to become the right of the parties of the second part;" [the Cornells.] The description of the excepted acre and twenty-eight rods of land, includes a small piece of the 110 acres granted by the deed; and also about an acre of the ten acre lot, on which acre stands the dwelling house in question. But the acre is not any part of the land described in the granting part of the deed.

The defendants insisted that there had been a mistake, and

the exception had been inserted in the wrong deed. But that both deeds should be taken as one conveyance, so as to give effect to the exception. The court decided that the two deeds should be taken, construed, received and allowed as one deed or conveyance; and that the exception in the deed given in evidence by the defendants should apply to the premises conveyed by the deed given in evidence by the plaintiff: that it was a good and valid reservation of the fee to the acre and 28 rods of land, and that the title to the same never passed to the plaintiff. The court further held that the plaintiff had no right to the two front rooms in the house, and could not recover for the injury to that part of the property. A nonsuit was ordered, and the plaintiff brings error on a bill of exceptions.

*O. Clark,* for plaintiff in error.

*J. W. Thompson,* for defendants in error.

*By the Court,* BRONSON, Ch. J. The case is shortly this: Robertson, being the owner of a large tract of land, conveyed to the plaintiff and his brother, by metes and bounds, a piece containing ten acres, which included the dwelling house in question; and the deed contained no exception or reservation whatever. By another deed of the same date Robertson conveyed to the same persons, by metes and bounds, a farm containing one hundred and ten acres of land, adjoining on two sides the ten acre piece, but not including any part of it. There is an exception in this deed of one acre and 28 rods of land, which, according to the description of it in the deed, lies partly within the farm of 110 acres, and partly within the ten acre piece of land, including the house in question. So far as the excepted parcel lies within the boundaries of the farm, the exception is well enough; it being a part of the thing granted. But so far as that parcel extends into the ten acre piece of land, the exception is void, for the reason that it is no part of the thing granted. (*Shep. Touch.* 77.) To make an exception extend to a thing not within the grant, would be an absurdity.

To obviate this difficulty the defendants insist, that the two deeds should be construed together as one conveyance; and then the exception, being of a part of the whole of 120 acres granted by both deeds will be good. It is undoubtedly true, that several deeds or other writings executed between the same parties, at the same time, and relating to the same subject matter, and so constituting parts of one transaction, should be read and construed together as forming parts of one assurance or agreement. (*Jackson* v. *Dunsbagh*, 1 *John. Cas.* 91; *Stow* v. *Tift*, 15 *John.* 458; *Jackson* v. *McKenny*, 3 *Wend.* 233; *Hull* v. *Adams*, 1 *Hill*, 601; *Cowen & Hill's Notes to Phil. Ev.* 1421, 2.) It is not necessary that the instruments should in terms refer to each other, if in point of fact they are parts of a single transaction. But until it appears that they are such, either from the writings themseves, or by extrinsic evidence, the case is not brought within the rule. Now here, there is no reference in either of the two deeds to the other; nor is there any extrinsic evidence, if such would have been admissible, that they were both parts of one act. They are between the same parties and have the same date : but it is not inferable from those facts alone, that they are parts of a single transaction. It may very well be that the same parties should have several transactions in one day, and of the same general nature; and yet that each one should be distinct from and wholly independent of the other.

But there is something more than the want of a connecting link between these two deeds. They do not relate to the same subject matter. It is true that they are both conveyances of land; but the parcels are separate and distinct; and each deed stands upon its own independent consideration. This is a decisive feature in the case. Where two deeds, neither refer to each other, nor relate to the same subject matter, I am not aware of any principle upon which one can be made to qualify, or in any way affect the legal construction of the other. No extrinsic evidence could help out the defendants' case; for whatever might be proved, it would still remain true, that the deeds themselves neither refer the one to the other, nor do they relate

to the same subject matter; and parol evidence cannot be allowed to control the legal effect or operation of a deed.

The defendants may have been right in the suggestion which they made on the trial, that there had been a mistake, by inserting the exception in the deed for the farm, instead of the deed for the ten acres. But if that be so, the mistake cannot be corrected here. The defendants must go into a court of equity and have the deeds reformed there. Proving that the parties intended the deeds should be different from what they really are, will not alter them, nor change their legal operation. They must be reformed and made what the parties intended they should be. And besides, though it is probable there has been a mistake, it is quite possible that it is of a different character from the one which has been suggested. The mistake may have been in the description of the land intended to be excepted, so that a part of it falls within the ten acres; when it should have been described as lying wholly within the farm. Then the exception is in the right deed. But if there has been no error in the description of the land intended to be excepted, then there is probably more than one mistake to be corrected. In addition to transferring the exception from one deed to the other, it may be necessary to qualify the terms in which the exception is made. After excepting the land on which the house stands, and of course the house itself, there is a further exception of the temporary right of Mrs. McGivern in the two front rooms of the house. This is an idle and unmeaning provision if the fee of the land on which the house stands had already been excepted from the operation of the grant. And further, it was provided that the right of Mrs. McGivern should ultimately become the right of the grantees in the deed. This goes very far to show, that it could not have been intended to except the whole interest in the land where the house stands.

But whatever errors there may be in the deeds, and whichever party may be prejudiced by them, the conveyances can only be reformed by going into a court of equity. We must take them as they now read; and then it is clear that the plaintiff

owns the whole of the ten acre piece of land, and the defendants were trespassers when they broke and entered the house.

Judgment reversed.