Gammon *v.* Freeman.

31 243
104 53
e104 55

## GAMMON *versus* FREEMAN.

If, on receiving a conveyance of land, the grantee, at the same time, as a mere instrument, conveys it to another, without himself taking any beneficial interest in it, the transaction gives him no such seizin, as will entitle his widow to dower.

And, if the conveyance, thus executed by him, be a mortgage, and if the estate be forfeited and held by virtue of the mortgage, the interest which he retained as mortgager, is not such a beneficial interest as to be the foundation of a claim to dower.

G had given his note to W for the purchase of wild land. By agreement, W conveyed the land to R, who, therefor, at the same time, conveyed a farm to G, and G at the same time mortgaged the farm to W, to secure said note. *Held*, that the momentary seizin of G, gave to his widow no right of dower in the farm.

Though one, claiming land under a conveyance from the husband of a demandant in dower, be estopped to deny the seizin of the husband, he is entitled to show that the seizin was not of such a character as to confer a right of dower.

To constitute several conveyances the parts of the same transaction, it is not necessary that the deeds bear the same date; nor that *in each of the deeds*, the parties should be the same persons.

DOWER. The marriage of the plaintiff and a demand by her of the dower were admitted. Whether the husband had such a seizin, as to entitle the plaintiff to dower, was the point in controversy.

She introduced a deed of the land from John Reed to her husband. The defendant offered to prove, and it is agreed that, if the evidence be admissible, he can prove the following facts.

Gammon, the plaintiff's husband, had given his notes to

Underwood and Greenough, for which they had given a bond to convey to him certain lands in the county of Somerset. It was afterwards agreed by all the parties, that Underwood and Greenough should convey the Somerset lands to Reed, in payment for which Reed was to convey to Gammon the . farm, in which the dower is claimed; and Gammon was thereupon to mortgage the farm to Underwood and Greenough to secure the notes he had given to them. Conveyances were accordingly so made, all at one time. But the mortgage was dated back, to conform to the date of the notes. The mortgage was foreclosed, and the tenant derived title under the mortgagees.

*G. F. Shepley*, for the demandant.

Reed's deed created a seizin in the husband. The defendant claims under that deed, and is therefore estopped to deny that seizin. *Kimball* v. *Kimball*, 2 Greenl. 226. True, the husband's seizin was but momentary; but, if it be for his own use, such a seizin is sufficient. *Broughton's case*, Cro. Eliz. 503. In order to defeat a claim for dower, something more must appear, than that the seizin was but momentary. *Stanwood* v. *Dunning*, 14 Maine, 270. There is a case still nearer, *Gage* v. *Ward*, 25 Maine, 101. There the widow had dower. That case differs from this, only that the conveyance was to a third person by mere substitution. And in this case, the mortgage was merely to secure an antecedent debt. The consideration for his deed was fully paid to Reed, by the Somerset lands. The mortgage, then, was not to secure the purchase money, but another and a previous debt. No case has gone so far as to defeat a claim like this. Dower is to be favored.

*W. P. Fessenden* and *Eveleth*, for the defendant.

There was no dowable seizin. *Holbrook* v. *Finney*, 4 Mass. 566; *Clark* v. *Munroe*, 14 Mass. 351.

The only interest in the demandant is under the mortgage, which is neither discharged or extinguished. A mortgage is to be upheld. *Pool* v. *Hathaway*, 22 Maine, 85.

The seizin of the husband went out by the same act by which it came in. That is the true test.

I admit we are estopped to deny the seizin, but we may inquire whether it was a dowable seizin.

The case of *Gage* v. *Ward* differs widely from this. There the tenant had no connection with the mortgage.

Gammon's mortgage was not to secure an antecedent debt, but one created when the mortgage was given.

Our case is the same as if Gammon had mortgaged to Reed for the purchase money, and Reed had assigned to Underwood and Geenough. The difference is only in the form.

To support this claim would encourage fraud.

SHEPLEY, C. J. — The demandant claims dower in a farm formerly owned by John Reed. Her late husband, Enoch Gammon, was indebted to Underwood and Greenough for lands, which he had agreed to purchase of them. He appears to have made a bargain to sell three thousand acres of those lands to Reed, to be paid for by a conveyance of his farm. To enable Gammon to obtain a conveyance from Underwood and Greenough to Reed, it was agreed, that his farm should be conveyed to Gammon and be by him conveyed in mortgage to Underwood and Greenough. These conveyances were accordingly made and delivered at the same time, but the mortgage was ante-dated.

To make them parts of one and the same transaction it is not necessary, that the deeds should bear the same date. *Harrison* v. *The Trustees of Philips' Academy,* 12 Mass. 456. Nor is it necessary, that the same persons should be grantors and grantees. It will be sufficient that the deeds are delivered at the same time to accomplish the agreed purpose. *Clark* v. *Munroe,* 14 Mass. 351; *Gilliam* v. *Moore,* 4 Leigh. 30.

The result of the authorities appears to be, that when the title to an estate is conveyed to a person as a mere instrument to make a conveyance of it to another without taking any beneficial interest in it, and he does accordingly transfer it at the time, when he receives it, he does not become so seized that his widow will be entitled to dower. That when he

---

acquires a title beneficial to himself, although he may continue to be the owner for a time ever so short, he will be so seized, that his widow will be entitled to dower. The interest, which he may retain as mortgager, if the estate be forfeited and held by virtue of the mortgage, will not be such a beneficial interest, that his widow will be entitled to dower.

The counsel for the demandant alleges, that the mortgage was not made in this case to secure payment for the farm conveyed, but to pay a debt previously due to the mortgagees for other lands. It is true, that it was made to secure the payment due for other lands, but the other lands were used to make payment for the farm. The mortgage was therefore made to effect indirectly a payment for the farm. It became, in the hands of the mortagees, a substitute for the lands, which they conveyed to Reed as the consideration of his conveyance of the farm to Gammon, who does not appear to have had more than an instantaneous seizin, as the mere instrument of conveyance to others without any beneficial interest in it.

It is insisted, that the tenant is estopped to deny the seizin of the husband, as he holds the estate by a title derived from him. While he may not be permitted to deny, that the husband was seized, he may be permitted to show the character of that seizin, and that it was not such, that his widow would be entitled to dower. *Moore* v. *Esty*, 5 N. H. 479.

According to the agreement of the parties, a nonsuit is to be entered.

---

NOTE. — HOWARD, J, having been of counsel, took no part in this decision.