RUTLAND & B. R. CO. (BOODY v.). .See Case No. 1,635.

## Case No. 12,176.

RUTLAND & B. R. CO. v. CROCKER.

[4 Blatchf. 179; [1] 29 Vt. 540; 21 Law Rep. 201.]

Circuit Court. D. Vermont. May, 1858.

CORPORATIONS—STOCKHOLDERS — ACTION FOR UNPAID SUBSCRIPTIONS—CONDITIONAL CONTRACT—EVIDENCE.

·Where C., who was president of the Taunton Locomotive Company, subscribed to the stock of a railroad company, "payable in cash on the delivery of the last engine of twelve from the Taunton Locomotive Manufactory": *Held*, in an action against C. for the amount of the subscription, that it was competent for C. to put in evidence a contract made by the Taunton Company with the railroad company, on the same date with the subscription, for the delivery of twelve engines, and to show by parol that that was the contract referred to in the subscription, and that all twelve of the engines referred to in it. had not been delivered.

This was an action to recover the amount, with interest, of a subscription made by the defendant [William A. Crocker], June 1st, 1847, to the capital stock of the Champlain and Connecticut River Railroad Company, a corporation created by the legislature of Vermont, and the name of which was subsequently changed to that of the plaintiffs in this suit. By the terms of the subscription, the subscribers bound themselves to take the number of shares affixed to their names, and to pay for the same according to assessments to be made from time to time, as provided in the charter, and upon certain conditions particularly specified in the subscription paper. The defendant's subscription was for seventy shares, "payable in cash, on the delivery of the last engine of twelve, from the Taunton Locomotive Manufactory." The shares were one hundred dollars each. At the trial, evidence was given on the part of the plaintiffs, tending to show that the several conditions stated in the subscription paper had been complied with, that the assessments upon the stock had been duly made, and notice given to the defendant, that all the requirements of the charter had been observed, and that the road had been constructed. In respect to the special condition annexed to the subscription of the defendant, the proof was, that the Taunton Locomotive Company

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

had delivered fourteen engines, the last of which was delivered in the latter part of September, 1851, and the twelfth one, the last of February, in the same year; that the engines were new, and were manufactured at that company's establishment; and that a Mr. Fairbanks was the general agent, and the defendant the president, of that company. The defendant, in the course of the trial, gave in evidence a vote of the directors of the plaintiffs, under date of June 4th, 1847, approving of a contract made with the Taunton Locomotive Company for twelve engines, and offered in evidence the contract, dated June 1st, 1847, and, in connection therewith, proposed to call Fairbanks, the agent, to prove that that was the contract for engines referred to in the defendant's subscription, and that the whole number of engines had not been delivered. But the court overruled the evidence, holding, that the subscription was payable upon the delivery of any twelve engines by the Taunton company. There having been a verdict for the plaintiffs, the defendant now moved for a new trial.

David A. Smalley and E. J. Phelps, for plaintiffs.

Benjamin F. Thomas and Milo L. Bennett, for defendant.

NELSON, Circuit Justice. This case ought to have been disposed of at a much earlier date. It was in the hands of the late lamented Judge Prentiss, for examination and decision, at the time of his death, and circumstances, over which I had no control, have since prevented me from giving to it that consideration which its importance required.

After the fullest consideration, I am satisfied that the court erred in excluding the evidence offered by the defendant. The terms of the clause annexed to the subscription import some previous agreement or understanding between the . parties, in respect to· the engines. The money was to be paid on the delivery of the last engine of twelve from the works of which the defendant was the head. There must have been an agreement for the delivery of twelve engines, and it is fair to conclude that they were to have been delivered at some specified time or times, and, especially, that some time was specified, within which the last was to have been delivered, as the payment of the money depended upon the delivery. If there was no specified time, either in fact, or in contemplation of law, the subscription might have been rendered nugatory at the election of the defendant, and he could have postponed the delivery indefinitely. Again, as the event, to wit, the delivery of the last of the twelve engines, upon which the money was to be paid, depended upon the act of the defendant himself, unless there was some agreement binding him, or his company. to deliver the engines, not only the last one of the twelve, but each and all of them,

the subscription would have been a contract wholly upon one side, as no obligation or duty would have existed on the part of the defendant, to deliver the engines, and, therefore, the time of payment might never have happened.

In order to give the subscription any binding operation or effect, against the defendant, it seems to me, that the reference to the twelve engines and the delivery of them must be construed as relating to some contract previously entered into between the parties, providing for the manufacture or procurement of the same, and which, when produced or proved, would explain the intent and meaning of the words. The court was misled, at the moment, on the trial, from a consideration of the difficulty of permitting parol evidence to connect the two instruments, and entertained the view that the rule should be confined to papers explanatory of the transaction, and which, on the face of them, referred to one another. But the rule, thus applied, is manifestly too narrow. The paper is admissible and relevant, if, in point of fact, it is a part of the same transaction. Cornell v. Todd, 2 Denio, 130, 133. This principle is conclusive against the ruling upon the point in question. The evidence offered and rejected was full, not only to make out the contract in respect to the engines, but, also, to show that it constituted a material element in the contract of subscription. The two contracts were of even date, and were made between substantially the same parties, and specified the same number of engines. The price, and the time and terms of delivery of the engines, were agreed upon, and the contract was approved by the directors of the plaintiffs, three days afterwards. I ought to add, that this interpretation seems to be the one given to the clause in the subscription, by the pleader, in the declaration.

There are several other very important questions presented in the case, and which were argued by the counsel, but, as the case must go down for a new trial, I shall leave them for a more full consideration and further argument, as the facts may appear on the second trial.

A new trial is granted, with costs to abide the event.