W. W. WULZE, Appellant, v. WM. SCHAEFER, Respondent.

St. Louis Court of Appeals, November 19, 1889.

**Consideration, Presumption of.** Under Revised Statutes, 1879, section 663, not merely non-negotiable promissory notes, but all promises in writing, for the payment of money or property, whether conditional or absolute, import a consideration.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*F. & E. L. Gottschalk*, for the appellant.

The statutes provide that "All instruments of writing made and signed by any person, or his agent, whereby he shall promise to pay to any other or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein mentioned." R. S. 1879, sec. 663. Similar instruments have been held to come within the statutes, whether they be negotiable or non-negotiable. *County of Montgomery v. Auchley*, 92 Mo. 129; *Spears v. Bond*, 79 Mo. 470; *Skinner v. Skinner*, 77 Mo. 155; *Taylor v. Newman*, 77 Mo. 263.

*Campbell & Ryan*, for the respondent.

The instrument sued on was not within the meaning of section 663 of the Revised Statutes. That statute was intended to cover promissory notes, giving to non-negotiable notes the same *prima facie* character of value that the law gives negotiable paper.

BIGGS, J., delivered the opinion of the court.

This suit is brought on the following written instrument executed by the defendant, to-wit : " If I take possession of saloon, 306 Chestnut street, I will pay W. W. Wulze one hundred dollars on demand. $100.00."

"Nov. 4, 1885.            W. SCHAEFER."

The suit originated before a justice of the peace, where the plaintiff obtained judgment, but, on a trial *de novo* in the circuit court, a final judgment was entered for the defendant, and from this latter judgment the plaintiff has prosecuted this appeal.

On the trial the plaintiff introduced evidence tending to prove that the defendant, in November, 1885, took possession of the saloon mentioned, and had been running it since that time. The only other evidence

offered was the instrument itself. At the close of the plaintiff's case, the defendant asked an instruction, in the nature of a demurrer to the plaintiff's evidence, which the court gave; thereupon the plaintiff submitted to a non-suit, with leave to move to set it aside. In due time this motion was filed and overruled.

The opinion of the trial court seems to have been, that the instrument in suit was not of that class which by virtue of our statute (R. S. 1879, sec. 663) import a consideration. If the court was right in this, then the judgment must stand, for the reason that the plaintiff introduced no evidence tending to show any consideration for the contract.

We are clearly of the opinion that the writing is not a promissory note, but it does not necessarily follow from this, that the obligation is not within the meaning of the statute. At common law all contracts under seal, and by the law merchant all negotiable instruments, imported a consideration, and in suits to enforce either it was not necessary for the plaintiff to allege and prove a consideration. The defendant's counsel insists that the only effect or change made by the statute (sec. 663) was to extend this rule to non-negotiable notes. The language of the statute will not admit of so narrow a construction. A fair interpretation will include all instruments of writing whereby one person shall promise to pay another money or property, and it makes no difference whether the promise is conditional or unconditional. If the promise is made to depend upon a contingency, then upon the happening of the contingency the promise becomes absolute. The supreme court in the case of *Montgomery County v. Auchley*, 92 Mo. 129, in construing this section of the statute, said: "By force of our statute (R. S., sec. 663), non-negotiable instruments also import a consideration. *Taylor v. Newman*, 77 Mo. 257. This statute also applies to a large class of contracts in writing which do not come

under the designation of negotiable or non-negotiable notes or bills, and in all cases to which the statute applies it is not necessary to plead the consideration."

The views indicated by us necessarily lead to a reversal of the judgment. With the concurrence of the other judges, the judgment will be reversed, and the cause remanded.