R. S. MACDONALD, Respondent, v. EDWARD B. WOLFF, Appellant.

St. Louis Court of Appeals, April 1, 1890.

1. **Tender:** WAIVER BY UNQUALIFIED REFUSAL. When a person, entitled to the transfer of a patent right as a condition to the liability sued for, absolutely and unqualifiedly refuses to accept such an assignment, and denies the liability, a formal tender of such assignment becomes unnecessary, and such liability may thereupon be enforced without such tender.

2. **Contracts.** When several instruments are executed at the same time in relation to the [same subject-matter and to accomplish a common purpose, and the execution thereof is known to every party to either instrument, they should be construed as one contract, though the parties to each instrument are not the same.

3. **Practice, Appellate:** NON-PREJUDICIAL ERROR. Though there be error in that an instruction was given by the trial court, when there was no evidence to support it, the judgment appealed from will not be reversed, if the error was harmless.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Frank Hicks*, for the appellant.

*M. Kinealy* and *Jas. R. Kinealy*, for the respondent.

BIGGS, J., delivered the opinion of the court.

The plaintiff brought suit against the defendant on the following written instrument:

"This agreement entered into between R. S. MacDonald and Edward B. Wolff witnesseth: That, whereas said MacDonald has this day signed an injunction bond in case of A. Loehner v. B. A. Hill *et al.*, and received from said Loehner an assignment of one-half interest in a certain patent car-coupling bearing date September 14, 1880, and numbered 232,195, to

MacDonald v. Wolff.

secure himself from loss on said bond, now, therefore, if said Loehner shall repay to said MacDonald any moneys which said MacDonald shall have paid on said bond within fifteen days after such payment, and take a reassignment of said interest in said patent to himself, then this assignment to be void; but if said MacDonald shall suffer loss as aforesaid, and shall not be repaid by said Loehner as aforesaid, then said Wolff obligates himself to repay to said MacDonald such moneys so paid out as aforesaid; and said MacDonald shall assign to the said E. B. Wolff the one-half interest in aforesaid patent, which is this day assigned from A. Loehner to R. S. MacDonald. Witness our hands and seals this tenth day of February, 1881.

"[ Seal.]                          R. S. MacDonald,
"[ Seal.]                          Edw. B. Wolff."

Plaintiff alleged the dissolution of the injunction; a judgment against him on the injunction bond for damages amounting to the sum of five hundred and fifty dollars, and also for costs of the proceeding, and the payment thereof by him. It was then averred that neither Loehner nor the defendant ever refunded to plaintiff the amount so paid by him, although he had demanded the same of the defendant prior to the institution of the suit; that the plaintiff, at the time of the demand, offered to assign to defendant the interest in the patent, which he (plaintiff) had acquired from Loehner, provided the defendant would refund to him the amount paid on account of the bond, but that the defendant failed to pay and refused to accept an assignment of the patent, alleging as a reason therefor that the invention was worthless.

The answer of the defendant was a general denial. The cause was submitted to the court without a jury, and the court rendered judgment for plaintiff for the sum of three hundred and forty-eight dollars and forty-nine cents. The defendant has brought the case to this court for review.

On the trial the execution of the contract was not denied, and it is now conceded that there was a dissolution of the injunction in the case of Loehner *v.* Hill; that there was an assessment of damages, and that a judgment was rendered agains t the plaintiff as surety on the injunction bond for the amount of damages so assessed, to-wit: The sum of five hundred and fifty dollars, together with the costs. That the plaintiff satisfied that judgment is not controverted, but the defendant denied liability, and insisted that he was released from all obligations under the contracts upon two grounds:

*First.* That the plaintiff had never assigned or offered to assign to him the interest in the Loehner patent. *Second.* That, prior to the institution of this action, the plaintiff had transferred one-half of his interest in the patent to one Frank J. Bowman, thereby rendering it impossible for him to comply with his part of the contract.

The proper understanding of the defenses interposed necessitates a statement of the facts. It appears from the record that Frank J. Bowman and the defendant, who were both lawyers, represented Loehner in the injunction suit against Hill. Their compensation depended entirely on their success in the suit. Some difficulty was encountered by Loehner in procuring satisfactory sureties on his injunction bond, and one or two bonds presented by him were rejected by the court. Finally the defendant and Bowman applied to the plaintiff to become Loehner's surety, which he at first declined to do, but afterwards his consent was obtained, provided he was made perfectly secure. Thereupon the defendant prepared an agreement, which was signed by Loehner, by which Loehner transferred to plaintiff as an indemnity against loss an undivided one-half interest in a car-coupling patent, and it was stipulated in the writing that, if Loehner should fail for fifteen days to

pay the plaintiff any amount which he might be required to pay as surety on the bond, then the plaintiff's title to the interest in the patent, so pledged, was to become absolute. The plaintiff deemed this security inadequate, and he declined to sign the bond; thereupon the defendant prepared and signed the contract sued on, and, as further security, the defendant prepared, and Bowman signed, the following contract:

"I, Frank J. Bowman, of the city of St. Louis, hereby agree to share half of any loss that R. S. MacDonald may suffer on account of said MacDonald having signed a bond for five thousand dollars for an injunction in the case of A. Loehner v. B. Hill, and in consideration therefor I am to be entitled to share with said MacDonald in any security which said MacDonald may hold to secure himself against loss. Witness my hand and seal, this tenth day of February, 1881.

"FRANK J. BOWMAN."

The plaintiff testified that the defendant delivered the three contracts to him on the day of their date, to-wit, February 10, 1881, and he then signed the injunction bond. The defendant admitted that he prepared and delivered the contracts to the plaintiff, but he said that *his* contract was not delivered until two or three days after the plaintiff had signed the bond. On the other hand the plaintiff was very positive that all the contracts were delivered to him on the tenth day of February, and, as all the papers are of that date, it may be assumed that he is right. However, the defendant's contention as to the date and delivery of his contract was not pressed in the circuit court, and no point is made on it in this court. The plaintiff paid the damages in the latter part of the year 1885, and a few days thereafter he demanded the amount thereof from the defendant. The plaintiff, stated that, at the time he made the demand he offered to assign to defendant his

interest in the patent, but that the latter declined to accept, stating as a reason that the invention was worthless and that he did not wish to be bothered with it. The defendant admitted the demand for the money, but denied that an assignment of the patent was offered. After this the plaintiff sued Bowman on his contract, but, before doing so, he delivered to. Bowman the following paper :

"Know all men by these presents that I, R. S. MacDonald, for and in consideration of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, do hereby convey to Frank J. Bowman a one-half interest in all the interest I now hold in certain letters patent issued by the United States government to one A. Loehner for a car-coupler, and dated September 14, 1880, and number 232,195, to have and to hold the same forever. Witness my hand and seal this thirteenth day of January, 1886.

"R. S. MacDonald."

The defendant collected from Bowman three hundred and fifty-seven dollars and fifty-seven cents. There was no evidence of the time for which the patent was issued, but this is immaterial, as the plaintiff's evidence, that the invention was entirely worthless, was in no way contradicted by the defendant. On the trial the plaintiff tendered to defendant an assignment of the patent.

It appears from the foregoing statement that the plaintiff did not make a formal tender of a written assignment of the patent at the time when he demanded of the defendant the performance of the contract, and he alleged as an excuse for such failure the unqualified refusal of the defendant to accept the assignment. It also appears that afterwards the plaintiff sued Bowman on his contract and collected from him one-half of the amount, but that the plaintiff, in order to maintain the

action against Bowman, was compelled to assign to Bowman one-half of his interest in the patent. Under this state of the evidence the defendant among other instructions asked the following: "5. The court declares the law to be that, although the court may find from the evidence that plaintiff at some time prior to the institution of this suit stated to defendant that plaintiff was ready to assign to defendant the interest in the patent mentioned in the petition, on payment of the sums due to plaintiff under the instrument sued on, and that defendant at such time failed to make such payment and refused to receive such assignment, yet, if it appears that plaintiff afterwards sold and assigned a part of such interest in said patent to a third person, thereby rendering plaintiff unable to transfer to defendant all the interest therein mentioned in the instrument sued on, then plaintiff cannot recover in this action." The court refused the instruction as asked, but added the following: "Unless the court further find from the evidence that prior to the filing of this suit, and while plaintiff held said half interest in said patent, he proposed and offered to assign the same to defendant, and that he (defendant) declined and refused unconditionally and absolutely to accept such assignment, declaring said interest to be of no value and that he would not have it and did not want to be bothered with it; and if the court so find, and find for plaintiff in this case, and further find from the evidence that plaintiff assigned any part of said patent interest to a third party and realized any sum therefor, then the amount which he is entitled to recover must be reduced by such sum." There is another paragraph at the end of the court's instruction which is evidently incomplete. We presume that the court intended to make the plaintiff's right of recovery depend upon the further contingency of an offer before trial to convey to the defendant the remaining interest in the patent held by him.

MacDonald v. Wolff.

There were other instructions asked by defendant, but the one quoted presents in a very concise manner the legal proposition relied on by defendant, and its modification shows the theory upon which the court decided the case.

The law never requires a person to do a useless thing, and, applying this principle, we are of opinion that the absolute and unqualified refusal of defendant to accept the assignment relieved the plaintiff of the duty of making a formal tender of a written transfer. What good could have resulted from it? If the invention was worthless, it was quite reasonable for defendant to decline to be bothered with it. When the defendant refused to pay the money on demand and declined to receive an assignment of the patent interest then held by plaintiff, the latter's right of action against him became complete. *Canda v. Wick*, 1 Cent. Rep. 12; *Hall v. Ins. Co.*, 17 Atl. Rep. 356.

But it may be said that it was the plaintiff's duty to retain the patent, if he expected to hold the defendant to his engagement, and that, having parted with a portion of his interest, he had by this voluntary act placed it beyond his power to carry out his part of the contract, and that, therefore, his right of recovery would be defeated or at least confined to nominal damages. The trial court was of the opinion that, as the patent was regarded as entirely worthless and had in fact no value, the plaintiff had a right to make a reasonable disposition of it, and, having done so, the amount received by him would have to be deducted from the amount sued for. This view may be subject to some technical objections, but, under the view which we take of the law applicable to the conceded facts, it could work no prejudice to the defendant. We are of the opinion that the transfer of one-half of the patent interest to Bowman was not in violation of the contract between the plaintiff and defendant. The plaintiff's

MacDonald v. Wolff.

contracts with defendant and Bowman were of the same date; they related to the same subject-matter; had but a single object, and were substantially between the same parties. It is a well-recognized rule of law that a contract may be contained in several instruments, which, if made at the same time, between the same parties and in relation to the same subject-matter, will be held to constitute but one contract; and for the purpose of arriving at the true intention of the parties all the instruments will be read as one, and the recitals in each may be explained or limited by reference to the others; and it is not necessary that the instruments should in terms refer to each other. *Cornell v. Todd*, 2 Denio, 133; *Hanford v. Rogers*, 11 Barb. 20; *Hull v. Adams*, 1 Hill (N. Y.) 603; *Jackson v. McKenney*, 3 Wend. 233; *Stow v. Tifft*, 15 John. 463; *Gammon v. Freeman*, 31 Me. 243; *Clark v. Munroe*, 14 Mass. 351; *Gilliam v. Moore*, 4 Leigh. 30; 2 Parsons on Contracts [7 Ed.] 503. In the case of *Gammon v. Freeman*, *supra*, the supreme court of Maine held that, to make two or more instruments one transaction or contract, it was not necessary that the parties to each instrument should be the same; it was sufficient if the contracts were known to all the parties, and were delivered at the same time to accomplish an agreed purpose.

In the case at bar the defendant and Bowman, in the execution of the instruments, had a common purpose, and that was to induce the plaintiff to sign Loehner's bond and to secure him against loss on account thereof. The instruments bear the same date, and were signed by parties who were alike and equally interested in obtaining the plaintiff's signature to the bond, and the defendant had knowledge of the contents of all the instruments. From these facts it necessarily follows that plaintiff's contracts with the defendant and Bowman must be read together and treated as constituting but one contract. Therefore, it must be held that the

defendant, in signing the instrument in suit, agreed to submit to the conditions of the Bowman contract; hence the plaintiff had a complete right, as against the defendant, to transfer to Bowman one-half of his interest in the patent, provided Bowman should pay plaintiff one-half of his demand.

One or two instructions given by the court are subject to criticism, and one was without evidence to support it; but, under our view of the case, the error was harmless. We think that the conclusion reached by the trial court was right, and its judgment will, therefore, be affirmed. All the judges concur.