Houck v. Frisbee.

## LOUIS HOUCK, Appellant, v. O. C. FRISBEE, Respondent.

### St. Louis Court of Appeals, March 24, 1896.

1. **Evidence:** ORAL EVIDENCE IN VARIANCE OF WRITING. Evidence of an oral agreement made contemporaneously with a contract in writing is not competent to vary the terms of such contract.

2. **Contracts:** DIFFERENT WRITINGS EXECUTED AT SAME TIME. A contract may be contained in several instruments. These, if made at the same time, between the same parties and in relation to the same subject-matter, may be read together as one instrument, and the recitals in one may be explained or limited by reference to the other; nor is it necessary that the instruments should in terms refer to each other. And the rule obtains even when the parties are not the same, if the several contracts were known to all the parties and were delivered at the same time to accomplish an agreed purpose.

3. ———: PRESUMPTION OF CONSIDERATION. Under our statute a direct provision in writing to pay money imports a consideration.

4. ———: NATURE OF CONSIDERATION. To uphold a contract, it is not necessary that the promisor should receive a consideration; it is sufficient, if the promisee or other beneficiary sustains the least injury or detriment, or parts with anything of the least value on the faith of the contract.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEXANDER ROSS, Judge.

REVERSED AND REMANDED (*with directions*).

*M. R. Smith, D. R. Cox,* and *R. G. Ranney* for appellant.

*Gillespie & Mozley* and *W. H. Miller* for respondent.

BIGGS, J.—In 1893 the firm of Johnson & Stout bought from George Houck and the plaintiff the timber on a section of land in New Madrid county.

They agreed to give George Houck $500 for his interest, for which they gave their note; and for the plaintiff's interest they agreed to pay $1,000, for which they also executed their note, dated April 15, 1893, and payable on the tenth day of January, 1894. During the summer and autumn of 1893 the firm of Goldsmith & Page were engaged in sawing lumber, and the defendant was a dealer in lumber in the city of Dexter. During that year negotiations were opened (through Stout) between the defendant and Goldsmith & Page for the sawing of a large quantity of lumber. Goldsmith & Page wanted to buy from Johnson and Stout the timber purchased from the Houcks, out of which they expected to fill the contract with the defendant if one should be made. Johnson and Stout would not sell the timber, unless the plaintiff's note was paid or in some way secured. Finally, on the sixteenth day of October, 1893, the defendant and Stout (representing his firm) and Page (representing his firm) met at Dexter, and as a result of the conference the defendant and Goldsmith & Page entered into the following contract:

"Contract made this sixteenth day of October, 1893, between Goldsmith & Page of Como, Missouri, of the first part, and O. C. Frisbee, of Jamestown, New York, of the second part, witnesseth: The parties of the first part have this day sold to the party of the second part one hundred and twenty-five thousand feet of quartered white oak lumber. Said lumber is to be made by first parties and cross-piled at the mill, and once in each month the second party shall inspect and measure up said lumber, and then the first parties are to stick it as follows: * * * The above lumber is to be piled by the side track at Como, Missouri. The above lumber is to be made from good unculled logs as they come, and no extra good logs or lumber is to be

taken out of the above lot; one half of the above lumber must be first and seconds.

"The price of the above lumber is to be as follows: For first and seconds $24 per thousand feet; for common and strips the sum of $12 per thousand feet, to be paid as follows:    $11 per thousand feet for all first and seconds, and $5 per thousand feet for all common and strips shall be paid on above lumber when measured, inspected and piled, as above.    One dollar per thousand is to be retained by second parties till the lumber is loaded by first parties, and the balance is to apply on a one thousand dollar note now held by George Houck, and which note the second party is to pay off by the tenth of January, 1894.    The above lumber is to made and piled by the sixteenth day of April, 1894.    The party of the second part is to get the above lumber insured from time to time, and charge one half of the cost to the first parties."

"GOLDSMITH & PAGE,

"O. C. FRISBEE."

At the same time and as part of the same transaction the defendant executed and delivered to Page for Johnson and Stout the following obligation:

"DEXTER, Mo., Oct. 16, 1893.

"I hereby agree to pay a certain promissory note given by D. C. Johnson and J. H. Stout to Louis Houck, dated the fifteenth day of April, 1893, for the sum of $1,000 and due on the tenth day of January, 1894.    Said note is purchase money of timber on section 4, township 22, range 12, New Madrid county, Missouri.                    O. C. FRISBEE."

This last agreement was exhibited to Johnson, and, it being satisfactory both to him and Stout, they, in consideration of it, conveyed the timber to Goldsmith & Page.    The plaintiff's note remaining unpaid after its maturity, and the defendant having refused to

pay it, the present suit was brought on the obligation. The defendant admitted that he executed the paper, but denied that the contract was made for the benefit of the plaintiff. He alleged a want of consideration and also a failure of consideration, in that Goldsmith & Page had failed in every respect to comply with their contract with the defendant, and that the performance of that contract was a condition precedent to the obligation of the defendant to pay plaintiff's note. The replication put in issue the new matter of the answer. The jury found the issues for the defendant. The plaintiff has appealed, and complains of the action of the court as to the instructions and as to the admission and rejection of evidence.

The defense that the promise of the defendant was conditional, that is, that he was not to pay the plaintiff's note unless Goldsmith & Page complied with their contract, is in no manner supported by the evidence. It is conceded that Goldsmith & Page violated their contract *in toto*, but that is the extent of the proof. The ruling of the trial court, that parol evidence was not admissible for the purpose of showing the alleged condition, was clearly right because the obligation as written is complete, and such evidence would have tended to vary it, which under all of the authorities could not be done. But the court did err in ruling that, in construing the agreement, the contract with Goldsmith & Page could not be considered. It is the established rule, and has been so held by this court, that a contract may be contained in several instruments which, if made at the same time, between the same parties and in relation to the same subject-matter, will be read together as one instrument, and the recitals in one may be explained or limited by reference to others, and it is not necessary that the instruments in terms should refer to each other; and the rule obtains

even when the parties are not the same, if the several contracts were known to all the parties and were delivered at the same time to accomplish an agreed purpose. *McDonald v. Wolf*, 40 Mo. App. 302. That this rule applies to the contracts here, is quite clear. To enable Goldsmith & Page to make their contract, it was necessary for them to obtain the timber from Johnson and Stout. The defendant was informed that Johnson and Stout owed the plaintiff for the timber, and that they had refused to convey it to Goldsmith & Page unless the plaintiff's note was paid, or in some way secured. To enable Goldsmith & Page to make the contract for the sawing, the defendant executed and delivered the obligation in suit. The contracts were delivered at the same time and were to accomplish an agreed purpose, which brings the case within the rule. When the contracts are read together, the defendant's case is in no manner helped, but, on the contrary, the absolute and unconditional character of his promise to pay the note is put beyond question. In the contract for the sawing it is expressly stated that the defendant was to pay plaintiff's note by the tenth day of January, 1894, while Goldsmith & Page had until April 16, 1894, within which to saw the lumber, and there is nothing to show when they were to commence, thus making it plain that the payment of the note was in no manner made dependent upon the sawing of the lumber. It may be remarked here that the evidence tends to show that, at the time the contracts were entered into, George Houck held the note as collateral security for a loan, which loan the plaintiff subsequently paid.

Concerning the other defense the court instructed, at the instance of the defendant, that the burden of proof rested on the plaintiff to show a consideration for the agreement, and further that it must appear that the defendant *received* some consideration for making it.

Both instructions are wrong. The agreement is a direct promise to pay money, and, therefore, under our statute, as construed by the courts, it imports a consideration. R. S., section 2389; *Welze v. Schaefer*, 37 Mo. App. 551; *Montgomery County v. Auckley*, 92 Mo. 129. To uphold a contract it is not necessary that the promisor should receive a consideration, but it is sufficient if the promisee or other beneficiary sustain the least injury or detriment, or part with anything of least value on the faith of the contract.

Under the foregoing views we must also hold that the circuit court committed error in refusing the plaintiff's instruction for judgment. As there was no evidence that the defendant's promise was conditional, and as the defense of want of consideration in our opinion was unsupported by substantial evidence, the plaintiff was entitled to a judgment upon his *prima facie* case. There were three persons present during the final negotiations which led to the making of the contract, viz.: Stout, Page and the defendant. Stout and Page testified that the promise of the defendant to pay the plaintiff's note was made to induce Johnson and Stout to convey the timber to Goldsmith & Page, and that, in pursuance of the agreement, the timber was so conveyed. Concerning the contract the defendant said: "The contract of guaranty was not mentioned to me until after the other contract was made, and then Mr. Page said that he wanted some kind of a writing to show to Johnson that they had made arrangements by which that note would be paid, and I hurriedly wrote the agreement. * * * I signed it merely because Mr. Page asked me to do it for that purpose. It was done very hurriedly. I should have added a little more to it than I did. * * * Page said he wanted some writing that he had made arrangements to pay that note." Thus it appears, at least inferentially,

by the defendant's admissions that his object in signing the obligation was to induce Johnson, who was absent, to do something. What that was is fully established by the testimony of all the other witnesses, and is in no manner contradicted by the defendant. The defendant also admitted that he wrote both contracts, and that both were executed at the same time.

As there have been two trials of the case, and as all persons who were connected with, or had cognizance of, the matters in controversy were fully examined, we see no necessity for a retrial. The judgment will, therefore, be reversed and the cause remanded with directions to the circuit court to enter a judgment against the defendant for the amount due on the plaintiff's note, together with the costs of suit. All the judges concur.