THE NEW ENGLAND LOAN & TRUST COMPANY, Appellant, v. JOHN WORKMAN, Respondent.

Kansas City Court of Appeals, May 17, 1897.

1. **Evidence**: PAROL TO VARY WRITTEN INSTRUMENT. Where parties meet together and sign and acknowledge a lease and mortgage in which are incorporated the specific terms of their contract, one of them can not be allowed to contradict in part such terms and by parol prove a different agreement to have been entered into at the time.

2. ———: INSTRUMENTS CONSTRUED TOGETHER: EXECUTION OF. Where two instruments, relating to the same subject-matter, are executed by the same parties at one and the same time, they can not be separated from each other by parol evidence, and it is immaterial which one is signed first since they are one transaction.

3. ———: PAROL TO VARY WRITTEN: PURPOSE: FRAUD. The purpose of a rule prohibiting parol evidence to vary a written agreement is to take away temptations of perjury and to avoid the result of misunderstandings, and written contracts will be conclusively presumed in the absence of fraud to include the whole engagement and the extent and manner of the undertaking.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

REVERSED AND REMANDED.

*Thomas & Hackney* and *Cole, Burnett & Allen* for appellant.

(1) The execution of the lease and mortgage was one and the same transaction. They were made at the same time, between the same parties and in relation to the same subject and constitute but one contract. The defense of waiver of the lien had no standing in court and should not have been submitted to the jury. 1 Beach on the Mod. Law of Con., par. 713, p. 866 (1896);

1 Beach on Mod. Law of Con., par. 784, p. 957; 2 Parsons on Con. [7 Ed.], bot. p. 634, *p. 503; Lawson on Contracts, par. 389, p. 419 (1893); *McDonald v. Wolff*, 40 Mo. App. 309; Bishop on Contracts, par. 382 (1887); *Hauck v. Frisbee*, 66 Mo. App. 16; *Owings v. McKenzie*, 133 Mo. 323.    (2) The terms of a valid written instrument can not, as a rule, be varied or contradicted by evidence of contemporaneous or prior oral agreements. *Tracy v. Iron Works*, 104 Mo. 193; *Evans v. Mfg. Co.*, 118 Mo. 548; *Wood v. Murphy*, 47 Mo App. 539.    (3) The admission of testimony which does not tend to establish an alleged oral agreement, varying a prior agreement in writing which is sued upon, but still tends to lead the minds of the jurors to the conclusion that the rights of the parties are not to be governed by the written contract, is manifest error. *Pugh v. Ayres*, 47 Mo. App. 590.    (4) Where parties have reduced their contract to writing, it will be conclusively presumed in the absence of fraud, accident or mistake, that such writing includes the whole engagement and the extent and manner of the undertaking. *Morgan v. Porter*, 103 Mo. 135.

*Howard Gray* for respondent.

(1) All the evidence in the case shows plainly that the plaintiff agreed that the defendant might dispose of the crop if he would execute the mortgage. The plaintiff so understood the contract as the evidence shows that the plaintiff's agent Ross was present when defendant threshed the crop and hauled it off and made no objection thereto. All the evidence shows conclusively that this was after the lease had been signed. Besides there is nothing in the lease that prohibited the defendant from selling the crop. *White v. Nye*, 64 Mo. App. 539.    (2) The plaintiff having consented to

the sale and removal of the crop can not now sustain an attachment on account of such sale or removal. This is true even though the lien was not waived. (3) The evidence on the part of the defendant showed conclusively that after he had signed the lease he refused to execute the chattel mortgage on his team until plaintiff agreed to release the crop and that plaintiff did so agree. (4) The case was fairly submitted on the question as to whether after the lease had been signed the plaintiff agreed in order to get the chattel mortgage, to consent to a sale of the crop by the defendant. The verdict is in accord with the evidence and the instructions. (5) After the written lease had been executed the parties agreed on a change of its terms and this is binding. While oral testimony will not be admitted to contradict the terms of a written contract and while two instruments executed at the same time will be read together, yet it has never been held that the parties can not the same day that a written contract is made change its terms by a subsequent parol agreement.

GILL, J.—This is a suit by attachment for rent. On December 10, 1894, plaintiff leased to the defendant a farm of two hundred acres in Jasper county, the term to begin March 1, 1895, and ending March 1, 1896. Defendant was to pay as rent $70 on September 15, 1895, and $70 on December 1, 1895. By the terms of the contract, which was in writing, the lessor reserved in express language a lien on the crops to be raised and no part thereof was to be removed until the rent was paid. As further security for the rent, the defendant executed a chattel mortgage on two horses, worth, according to the evidence, about $60. The grounds of attachment were that defendant had sold a portion, and was about to dispose of the whole crop, thereby endangering, hindering and

delaying plaintiff in the collection of its rents. The main defense interposed by plea in abatement, and relied upon, was that in giving the mortgage on the horses it was understood and agreed by lessor and lessee that the lien on the crops should be considered as waived and released.

On a trial of the plea in abatement there was a verdict and judgment for defendant and plaintiff appealed.

Because of the violation of well settled principles of law this judgment can not stand. In securing this result the defendant was erroneously permitted to introduce parol evidence of conversations, and of an alleged oral agreement, which he claimed to have had with plaintiff's agent at the time and before the written contract was entered into—and to the effect that he, the defendant, was not to be bound by the terms thereof. In other words, notwithstanding the parties met together before a justice of the peace and signed and acknowledged the lease and mortgage, in which were incorporated the specific terms of contract, yet defendant was allowed to contradict in part these terms and by parol prove a different agreement to have been entered into at the time. It is clear that this can not be permitted. The lease and mortgage, having been entered into and executed at the same time, and in relation to the same subject-matter, must be construed together and treated as one contract. And as to what were the terms of that contract, it is clear the parties must abide by the contents of the writing. "A party can not be relieved from express and definite conditions voluntarily inserted in a written contract, on the mere ground that at the time of executing the contract verbal conditions were agreed to, contradicting the writing." 1 Beach, Modern Law of Contracts, sec. 784; *Wood v. Murphy,*

EVIDENCE: parol to vary written instrument.

47 Mo. App. 539; *McDonald v. Wolff*, 40 Mo. App. 302.

In the lease agreement between these parties it was specifically stipulated that the plaintiff should retain his landlord's lien on the crop to be grown on the leased premises, and by this writing must the rights of these parties be measured, regardless of verbal understandings at or prior thereto. It is not possible under the evidence contained in the record to separate the lease from the mortgage and treat the latter as part of a subsequent independent parol modification of the contract. The defendant's contention that *after* the execution of the lease he made an independent and separate contract whereby it was agreed that the chattel mortgage on the two horses should be taken by the plaintiff in lieu of and in discharge of the landlord's lien contained in the lease, is unsupported by any substantial evidence. The facts, unquestionably, are that the giving of the mortgage was determined on before even the lease was signed, and the magistrate was directed to prepare it. The proof shows that the justice, who filled up the blanks in the mortgage, was called upon by both parties to advise and direct them in the execution of both instruments, and that the whole matter was done at one and the same time. Whether the lease or mortgage was first signed by the parties is of no consequence, since it is clear that it was all one transaction.

The wisdom of this salutary rule—that contemporaneous parol evidence can not be received to contradict or vary the terms of a written contract, is made manifest in this case. The testimony given by plaintiff's agent and by defendant was conflicting in relation to the pretended agreement to waive the landlord's lien—though

*marginal note:* —: instruments construed together; execution of.

*marginal note:* PAROL to vary written: purpose: fraud.

the agent was corroborated by the justice who prepared the papers and other facts and circumstances attending the execution thereof. The purpose of the rule is then to take away the temptations for perjury, or even to avoid the result of a misunderstanding. "Where parties have reduced their contract to writing, it will be conclusively presumed, in the absence of fraud, accident or mistake, that such writing includes the whole engagement and the extent and manner of the undertaking." *Morgan v. Porter*, 103 Mo. 135.

The trial court then erred, in admitting said parol evidence relating to the terms of the contract, and also erred in leaving it to the jury to find that there was a contract different from that embodied in the lease and mortgage. The judgment will therefore be reversed and cause remanded for a new trial. All concur.