WALTER RAY, *Plaintiff in Error*, v. JACOB POLLOCK AND EDWIN BERNHEIMER, PARTNERS AS POLLOCK & BERNHEIMER, *Defendants in Error*.

1. When admission is made of the timely receipt of a notice of a hearing by a party already in court, it is immaterial by whom that notice was served.

2. In an action against A and ·B, growing out of a partnership indebtedness, a declaration reciting that they were heretofore partners is not substantially bad for not setting forth when the partnership closed.

3. No reversible error appears in sustaining a demurrer to a plea which was clearly subject to a motion to strike from the record.

4. A mere promise of one partner to pay the firm debts is no consideration for the release of another partner who was equally bound to such payment.

5. The overruling of a demurrer to the evidence should be in the record proper and when only in the bill of exceptions will not be reviewed.

6. When a cause has been tried by the court, a jury being waived, and the perfectly legitimate evidence overwhelmingly preponderates in favor of its finding, assignments of error upon admissibility of evidence will not be specifically passed upon.

This case was decided by Division A.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*H. L. Anderson,* for plaintiff in error.

No appearance for defendants in error.

COCKRELL, J.—In an action by Pollock & Bernheimer against Charles W. Driver and Walter Ray, the sheriff having returned that Driver did not reside in the county, the plaintiffs proceeded to take judgment against Ray alone.

Numerous errors are assigned, which we are compelled to consider without assistance from the defendant, in error, who have filed no brief here.

The first and third assignments may be treated together. Both attempt to raise the sufficiency of the service of notice for hearing demurrers. The notices were sent by mail, the attorneys for the respective parties residing in different towns. At the time thus set for hearing the demurrer to the declaration, the attorneys for the defendant Ray was physically present in court and admitted the receipt of the service more than five days theretofore. A formal service by the sheriff could not be more conclusive. The rule merely provides that demurrers may be heard and determined in vacation upon five days' notice and is silent as to the manner of service of this notice. We are not dealing with process necessary to bring a party into court, but with the regulation of matters of procedure after the parties are regularly in court; nor are we asked to indulge in presumptions as to the probabilities that notice by mail was actually received; the fact of its timely reception is admitted.

As to the hearing of the second demurrer, the attorney for the defendant appeared in response to the notice and objected that the title of the cause was wrongly stated in the notice in that Driver was not named as a co-defendant, and also that the service was by mail; the objections were overruled, but the court being otherwise engaged set the hearing for a future date to suit the

court's convenience. There was no intimation that the notice was not actually received, but on the contrary the objection interposed to its form, indicates clearly that it had been received. The omission of Driver's name from the title of the cause could not have misled the defendant; Driver had been practically, as it appears later he was in fact, eliminated from the case. The objection sought to be made if it have any merit, is so highly technical that the utmost caution must be taken to avoid a waiver. Silver Springs & W. R. Co. v. Koonce, 56 Fla.      , 47 South. Rep. 390.

The second assignment is based upon the order overruling the demurrer to the declaration, which consisted of the common counts. Two grounds are argued here. It is claimed that there was a variance between the writ and the declaration and that the allegation in the declaration in the statement of the parties defendant, "who were heretofore partners," is by way of recital and does not show when the partnership ceased. Without admitting that a variance between the writ and declaration is ground for demurrer, Cooper v. Livington, 19 Fla. 684, Robinson v. Hartridge, 13 Fla. 501, it is clear that the demurrer is without substance. The writ proceeded against Driver and Ray, without indicating a partnership existent or dissolved. The declaration shows that the indebtedness sued for arose out of a partnership liability, which partnership had been dissolved before action brought. In Marx v. Culpepper, 40 Fla. 322, 24 South. Rep. 59, we held that a joint liability against two or more defendants may be sustained by proof of such liability without reference to a partnership relation, or by showing such relation without alleging it in the declaration. It is then solely a matter of form and not subject to demurrer.

The third plea of defendant was fully covered by the general issue and might well have been stricken. No harm was possibly done to the defendant in that it was disposed of by demurrer, which retained it on the record. The same observation applies to the sixth plea, which sought to set up as a defense some supposed dereliction on the part of the attorneys for the defendant, in procuring Driver to be adjudged a voluntary bankrupt and the alleged wasting of his assets by the bankruptcy court.

The fourth plea attempting to set up a release from liability of the defendant Ray after the dissolution, wholly fails to set up any consideration for such release and was therefore subject to this specific ground of demurrer addressed thereto. Driver's obligation to pay the debt already existed and a mere promise on his part to pay the debt, without change as to the evidence of the debt, its manner of solution or other circumstances, added nothing to the pre-existing liability and was no consideration for the release of Ray.

It is urged for error that the court overruled a demurrer to evidence. This assignment we cannot consider, the record proper failing to show such demurrer. As we held recently, Loeffler v. City of West Tampa, 55 Fla. 276, 46 South. Rep. 426, a demurrer to evidence, the joinder therein and the rulings thereon form part of the record proper; they appear here only in the bill of exceptions and are not, therefore, properly before us.

There are many assignments based upon the admissibility of evidence. The case was tried by the court, a jury having been waived. We shall not pass specifically upon these assignments for the reason that the perfectly legitimate evidence so overwhelmingly preponderates in favor of the findings that none other would be permitted. The defense has been almost wholly of the

narrowest technicalities, inconsistent and contradictory with itself.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.