F. L. McCULLOCH AND J. M. TOWNE, SERAFIN SANCHEZ AND E. BERGER, *Plaintiffs in Error,* v. LEE DEKLE, *Defendant in Error.*

APPELLATE PRACTICE—MATTER FOR RECORD PROPER.

Where a motion is made under our statute to set aside an execution and judgment because of illegality in such judgment, the judgment and verdict assailed by such motion should be exhibited to the appellate court on writ of error in the record proper under the certificate of the clerk below, and if such verdict and judgment are shown in the transcript only as exhibits to the motion to set aside, they cannot be considered by the appellate court, since such motions are not self verifying.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*E. R. Gunby, T. E. Lucas* and *P. O. Knight,* for Plaintiffs in Error;

*Wall & McKay* and *Sparkman & Carter,* for Defendant in Error.

TAYLOR, J.—This cause comes on for further consideration upon a petition for rehearing in which it is pointed out that this court in the former consideration of the case overlooked the fact that the verdict and judgment, assailed in the petition for stay of execution and for vacation of said judgment, are not so exhibited in the transcript of record brought here as that this court could consider the same. This contention of the defendant in error in his petition for rehearing we find to be well taken. The transcript of record brought here does not contain the verdict and judgment sought to be set aside, except as exhibits to the motion or petition for stay of execution and for vacation of such judgment, and there is no authentication of the fact that there was such a verdict and judgment as the ones assailed by such motion or petition. Alleged copies of such verdict and judgment are attached as exhibits to such motion or petition, but such motions are not self verifying.

Inasmuch as such verdict and judgment were part of the record proper in the cause, no bill of exceptions was either necessary or proper to exhibit them to the appellate court, but they should have been included in the record proper brought here by writ of error, properly authenticated under the hand and seal of the Clerk below, in order to a proper consideration thereof by this court. It follows from what has been said that this court erred in its former opinion in this cause, and the application for rehearing is hereby granted, and the former judgment of this court reversing the judgment of the circuit court in said cause is hereby vacated and set aside, and instead thereof the judgment of the circuit court in said cause is hereby affirmed at the cost of the plaintiffs in error.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.