S. D. MORGAN, W. S. WESTCOTT AND J. E. DOYLE, *Plaintiffs in Error*, v. C. T. MARSHALL, W. T. KNAPP AND L. E. SPENCER, AS COMMISSIONERS OF THE TOWN OF ORANGE PARK, FLORIDA, *Defendants in Error*.

Opinion Filed July 1, 1919.

1. Whether a default properly entered should be opened is within the sound judicial discretion of the trial court.

2. To warrant the opening of a default, the defendant should at least present facts reasonably excusing his failure to appear and show by plea or by affidavit or otherwise, facts which constitute a good defense to the merits and also offer to go to trial at once upon a material issue.

3. If defendants can be relieved of the consequences of default by motion to stay execution after final judgments, the showing required should not fall short of that required to open a default before final judgment.

4. Matters which constitute part of the record proper, have no place in the bill of exceptions, and when evidenced to the appellate court only by bill of exceptions, such court cannot consider assignments of error predicated upon rulings thereon.

5. Where motion is made under our statute to set aside an execution and judgment because of illegality in such judgment and execution, these documents should be exhibited to the appellate court on writ of error in the record proper, and if they are shown only in the bill of exceptions, assignments of error predicated thereon cannot be considered.

A Writ of Error to the Circuit Court for Clay County; George Couper Gibbs, Judge.

Judgment affirmed.

*James H. Bunch,* for Plaintiffs in Error;

*Milam & Milam,* for Defendants in Error.

REAVES, Circuit Judge.—A judgment was recovered in the Circuit Court of Clay County against S. D. Morgan *et al.,* hereinafter called defendants, upon an injunction bond given by them. Execution was issued upon the judgment and defendants filed a motion under Section 1625, General Statutes 1906, asking that the execution be stayed. A temporary stay was granted, but on final hearing the motion was denied and the case comes to this court upon writ of error from the order denying said motion.

Expressly disclaiming any intent either to sanction or disapprove the procedure adopted to present the issues suggested by the record, we shall dispose of the questions argued by counsel which may be briefly summarized as follows:

1. That by reason of unusual and unavoidable circumstances a default was entered against the defendants, thereby depriving them of their day in court prior to the final judgment.

2. That an agreement was made pending the suit, by which plaintiffs' claim was to be satisfied and the suit dismissed, which agreement was fully performed by defendants, but violated by plaintiffs.

3. That the form of the judgment is defective and likewise the form of the execution.

Considering these contentions in the order named, we find the basis of the first to be the fact that the wife and child of defendants' attorney were seriously ill "from about March 14th, to September 1st, 1916," and counsel testifies "That owing to the said illness * * * affiant was prevented from giving the above entitled case proper attention." Morgan testifies that he placed the case in the hands of his attorney and did not know that the case was not receiving proper attention until about August 14th, when it appears he found that the default had been entered.

It nowhere appears on what date the default was entered, nor why a motion to vacate was not filed. It is suggested by counsel that the sixty days within which such motion might be made had expired, but the record affords no basis for the suggestion. It appears from the affidavit of L. E. Wade that he appeared as counsel for

defendants at a hearing in Jacksonville on August 14th, 1914, and that he so appeared "For James H. Bunch, Esq., who was at that time out of the city."

It nowhere appears from the record on what date Mr. Bunch came into the case, whether before or after the default was entered, but from the arguments we infer that he came after. Neither does the proof show to what extent Mr. Wade ceased business during the illness of his family, nor what period of the time they were so seriously ill as to reasonably incapacitate him for business. Nor are we enlightened as to what knowledge defendants had of Mr. Wade's unfortunate circumstances so as to determine whether they were negligent in depending upon him to look after their case under such conditions.

It is unnecessary to say more to make it manifest that an appellate court can not say that the defendants acted with due diligence and the burden is upon them to make it appear that they did so act.

Whether a default properly entered shall be opened is within the sound judicial discretion of the trial courts. "The defendant should at least present facts reasonably excusing his failure to appear and show by plea or by affidavits or otherwise facts which constitute a good defense to the merits and also offer to go to trial at once upon a material issue." Benedict v. W. T. Hadlow Co., 52 Fla. 188, 42 South. Rep. 239. Certainly if defendants can be relieved of the consequences of default by motion to stay execution after final judgment, their showing should not fall short of that required to open a default before final judgment. A good defense to the merits has not been shown in this case.

The second contention might be disposed of on the ground that the evidence is conflicting and the finding of the lower court therefore concludes the appellate court, but in addition it appears from the evidence of both sides that as a part of the agreed settlement Mr. Morgan was to pay his "Town taxes." And although the agreement was made in June, 1916, and his taxes were then delinquent for the year 1913 and subsequent years, he did not offer to pay them until January 17th, 1917. In the meantime on October 24, 1916, verdict had been found against him and his co-defendants on which judgment had been presumably entered, and the motion now being considered, to stay execution, was filed November 15th, 1916. Therefore, and according to defendant's own showing, he fell far short of complying with his part of the agreement whereby the suit was to be dismissed.

The third contention involving the form of the judgment and execution can not be considered because these documents are not properly exhibited to this court. They form a part of the record of the original cause and should be exhibited to the appellate court in the record proper—not in the bill of exceptions. McCulloch v. Dekle, 59 Fla. 330, 52 South. Rep. 610.

Matters which constitute part of the record proper have no place in the bill of exceptions, and when evidenced to the appellate court only by the bill of exceptions, such court can not consider assignments of error predicated upon rulings thereon. Bell v. State, 61 Fla. 6, 54 South. Rep. 799; Tipton v. State, 53 Fla. 69, 43 South. Rep. 684.

The judgment should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.