## ATLANTIC DREDGING & CONSTRUCTION CO. v. NASHVILLE BRIDGE CO.

### No. 6248.

Circuit Court of Appeals, Fifth Circuit.

March 25, 1932.

Rehearing Denied April 23, 1932.

John W. Bull and Hilton S. Hampton, both of Tampa, Fla., and T. H. Burruss, of Corpus Christi, Tex., for appellant.

Claibourne M. Phipps, of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant on January 7, 1931, filed its motion to vacate and set aside three orders of the District Court entered in a cause of which it had full jurisdiction; an order of June 11, 1930, overruling a general demurrer to plaintiff's amended declaration, a default judgment entered July 7 for failure to further

plead, and a final judgment entered December 15, 1930. This motion was after hearing on February 28, 1931, overruled.

Appellant, assigning two errors, that the court erred in overruling the motion to vacate the default judgment and that it erred in entering final judgment, appeals. This is the record:

On March 17, 1930, in the Tampa Division of the District Court for the Southern District of Florida plaintiff filed its amended declaration suing for the contract price of material which it had specifically fabricated for defendant. It alleged performance on its part, breach on the part of defendant, and an allowance to defendant as a credit on the claim of the actual value of the material on hand. This declaration stated a good cause of action. Seagraves v. Wallace (C. C. A.) 41 F.(2d) 679; Alabama Grocery Co. v. Hammond (C. C. A.) 285 F. 723. Defendant filed no plea to the merits, but on March 25 filed a demurrer. On June 11, pursuant to a setting obtained by the plaintiff on May 19, the demurrer was heard and overruled, and defendant was given until July 7 to plead. On that day, defendant not appearing, præcipe for default was filed, and on July 8 default was entered as of course. When the calendar was made up for the December trials this case was placed by the clerk upon the calendar as a default case. On December 10 the case was tried to a jury which returned their verdict for the plaintiff for the amount sued for, and on the 15th of December final judgment was entered thereon. Appellant's motion to vacate the orders and judgments in the cause, though filed six months after default judgment had been entered, did not undertake to explain why the defendant had, after filing the demurrer in March 1930, given no further attention to the cause until after the entry of final judgment; nor did it, beyond the general unsworn allegation that it had a good and meritorious defense, allege anything from which it might appear that upon a trial a different result might be expected, nor did it in any manner allege and offer to support by proof the nature and specific character of its defense. It contented itself with standing upon its position that it had filed a demurrer, that it had had no notice of a hearing thereon, and that therefore the judgment against it was wrongfully entered.

Appellant presents the case here as turning upon the question whether its counsel received notice of the hearing on the demurrer. It concedes that, if they did, the appeal is without merit. It contends that it plainly appears from the record that they did not, and that the judgment must therefore be reversed.

We cannot agree with appellant that it was essential to the power of the court to proceed to final judgment in this cause that appellant's counsel should have received notice of the setting of the demurrer for argument. The court, having jurisdiction of the parties, had inherent power to proceed to hearing and to enter final judgment in default of plea, even though no notice of the hearing on the demurrer had been given, subject, of course, to the right of defendant to challenge the action by proper motion, not for want, but for abuse, of power. If, however, we accept appellant's view of the controlling issue, it will not avail appellant, for whether its counsel did or did not have notice of the hearing on the demurrer was a question of fact heard and determined by the trial court adversely to its contention.

At the hearing of the motion appellee offered proof in accordance with the strictest authorities (U. S. v. Rice (D. C.) 281 F. 331; Myers v. Moore-Kile Co. (C. C. A.) 279 F. 233) that there had been mailed to appellant's counsel two notices, one on or about May 19th severally to the two firms representing appellant at their respective addresses, of the setting for June 11; one on or about June 11 to one of the firms advising that the demurrer had been overruled together with a copy of the order overruling it. It was proved also that none of these letters or documents, though bearing return addresses, had been returned undelivered. It was also proved by the clerk of the court that he made up a calendar for the civil term beginning December 8, 1930, on which this cause was placed as a default case, that the names of the attorneys for defendant who had filed the demurrer appeared thereon as attorneys in this cause and no other, and that a notice of the calling of the docket for the setting of this and other cases was mailed to them. Defendant offered the affidavits of members of the firms representing it, and of some of the employees of both of the firms to the effect that the notices which plaintiff's counsel claimed to have sent had not been received. There was neither affidavit nor testimony of any of the counsel for defendant nor of any of their employees that they did not receive the notice of the setting of the docket sent by the clerk as offered by his affidavit, nor was there any proof that they had attended the December call, or, except for the filing of

the demurrer on March 17, that they had taken any action in or given any attention to the cause. After hearing the proof as above, the District Judge concluded that no sufficient ground had been shown to justify the court in setting aside the final judgment, and the motion was denied.

Appellant contends that a defendant is not in default when a plea or demurrer not so frivolous as to be a nullity is pending undisposed of. Witt Cigar Co. v. Somers, 99 Fla. 592, 127 So. 333. That since the Florida statutes (Comp. Gen. Laws 1927, § 4308) provide that demurrers may be heard and determined in vacation upon five days' notice given by either party of the time and place at which the same are to be argued, and it is provided by Rule 13 of the Rules of the United States District Court for the Southern District of Florida that "hearings on all matters of pleadings may be submitted to the judge for determination on five days' notice to the opposite party," and defendants do not actually appear at the hearing (Ray v. Pollock, 56 Fla. 530, 47 So. 940), it must be clearly established, in order to sustain a judgment by default, that they received notice. That proof, when refuted as here, that notice was mailed, will not suffice. It argues that, while proof of mailing does raise a presumption of receipt, this is a mere fact presumption which disappears when evidence is offered, as here, in rebuttal of it. Western Advertising Co. v. Star, 146 Mo. App. 90, 123 S. W. 969; Peters v. Lohr, 24 S. D. 605, 124 N. W. 853; Beeman v. Puget Sound Traction Co., 79 Wash. 137, 139 P. 1087; Foundation Co. v. Henderson (C. C. A.) 264 F. 487; Lincoln v. French, 105 U. S. 614, 26 L. Ed. 1189.

■ The presumption of the receipt of a letter from proof that it was mailed is a presumption of a different character from those discussed in the cases cited by appellant. It does not stand merely until evidence comes in to then disappear. It continues as evidence, to be considered in the light of all the facts and circumstances adduced on the trial and to be given such weight as the triers think it entitled to in determining the fact at issue, whether the mailed letter was received. Rosenthal v. Walker, 111 U. S. 193, 4 S. Ct. 382, 28 L. Ed. 395; Rousseau v. Brotherhood, 186 Mich. 101, 152 N. W. 939, 940; Long-Bell Lbr. Co. v. Nyman, 145 Mich. 477, 108 N. W. 1019, 116 Am. St. Rep. 310; Rauch v. Michigan Millers' Fire Ins. Co., 131 Mich. 281, 91 N. W. 160; Henderson v. Carbondale, 140 U. S. 38, 11 S. Ct. 691, 35 L. Ed.

332. It was not only competent, then, for the trial judge in determining whether any injustice had been done in this cause to consider this presumption in connection with all of the evidence in the case, including the affidavit of the clerk that he had mailed the notices of the setting which was not rebutted, the unexplained neglect of and inattention to the case for a period of nearly a year after the demurrer was filed before any action was taken in the case, it was his duty to do so, and we find no reason for disagreeing with his conclusion that the motion should be overruled, whether that conclusion was based upon a finding that notice of the hearing was in fact given, or upon the broader ground that appellant's motion presented no case for the exercise of the discretion of the court to set the judgment aside.

■■ A judgment by default entered with jurisdiction is just as conclusive an adjudication between the parties as one rendered after trial and contest, Last Chance Mining Co. v. Tyler Mining Co., 157 U. S. 683, 15 S. Ct. 733, 39 L. Ed. 859; U. S. ex rel. Harshman v. Knox County Court, 122 U. S. 306, 7 S. Ct. 1171, 30 L. Ed. 1152, and, when it has been followed by final judgment, it stands like any other judgment, subject to be set aside only upon such a showing of error and of merit as that the refusal to do so would constitute an abuse of discretion. Metropolitan Street Ry. Co. v. Davis (C. C. A.) 112 F. 633.

■ It is universally recognized as an essential to the obtaining of relief from a default judgment entered with jurisdiction that there should appear in the motion a clear and specific statement showing, not by conclusion, but by definite recitation of facts, that an injustice has been probably done by the judgment, in that the debt or demand was not owing; that there was a valid defense to it, and that on another trial there will in reasonable probability be a different result. All of the authorities require at least this much. Hughes Federal Practice, Sec. 5581; Metropolitan Street Ry. v. Davis, supra; Copper King v. Johnson, 9 Ariz. 67, 76 P. 594; Dudley v. White, 44 Fla. 264, 31 So. 830; Morgan v. Marshall, 78 Fla. 59, 82 So. 609, 610; Benedict v. W. T. Hadlow Co., 52 Fla. 188, 42 So. 239.

No case has been, nor do we think may be, found approving the setting aside of a judgment where, upon a record like this, showing a consistent and entire neglect of the case, either deliberately or through inattention for

a period of nearly a year after the filing of the demurrer, appellant, coming in to invoke the court's discretion, presented no excuse for that neglect, made no showing that a different judgment ought to have been, and probably, if a new trial is granted, would be entered, but, standing on the dry ground that it had no notice that an unfounded demurrer would be heard, demands, because of that fact alone, that a final judgment entered on an apparently meritorious claim be set aside.

We find no error in the record. The judgment is affirmed.