MANN, Judge
(concurring specially).
Our courts are always open as an avenue toward justice, but not as a refuge from it. Harlton Cowart, Marvin L. Cow-art and Tholan H. Cowart, doing business as Tailor Maid Industries, were sued for $6,142.61 due on account of goods sold between January 12 and September 2, 1966. No answer was filed, and default was entered January 13, 1967 at 8:42 a. m. At 2:35 p. m. that day an amended complaint was filed in which the balance due on the same account was put at $4,007.23. The amended complaint alleges also that the defendants had registered their fictitious *172 name, but that Tailor Maid Industries, Inc. had been incorporated on June 27, 1966. It was added as a defendant.
Harlton Cowart moved on July 23, 1970 to set aside the default judgment, stating in his motion that the amended complaint, which was not served on him, “materially changes the cause of action.” This is plainly untrue in any legally significant sense. The only changes are to acknowledge a lower balance than at first alleged and to include an additional defendant liable for all or part of the obligation. Appellant cannot possibly be worse off as a consequence of these changes.
The strongest argument against appellant’s motion is that it includes no allegation that he has, or, if it be granted, intends to pursue, any defense to the action. Our Supreme Court has long held that one who seeks to vacate a default must allege that some useful purpose would be served by the vacation. Morgan v. Marshall, 1919, 78 Fla. 59, 82 So. 609, is in point. Cowart cannot complain three years after a default is entered against him that there is some non-prejudicial technical lapse in the pleadings. He is better off owing four thousand than six.