In the Matter of ALDERSGATE FOUNDATION, INC., Debtor(s).

Bankruptcy No. 74–373–ORL.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

July 2, 1986.

J. Gordon Arkin, K. Rodney May, Orlando, Fla., for Freedom Sav. and Loan Assn.

Lee Jay Colling, Orlando, Fla., for trustee.

Johnie A. McLeod, Apopka, Fla., for Donald Carl Church, Donald C. Church, Danford J. Quinn and Ellen Quinn and Brewers.

Mark Budnitz, S.E.C., Atlanta, Ga., for S.E.C.

ORDER ON MOTION TO RECONSIDER CLAIMS OF ESTILL BREWER, MARY BREWER AND OMEGA CORPORATION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER before the Court in this Chapter 11 case is the Motion to Reconsid-

1. Memorandum Opinion issued by Judge Lessen, Chief Bankruptcy Judge for the Central District of Illinois.

er the Claim of Estill Brewer, Mary Brewer and Omega Corporation filed by Freedom Savings and Loan Association, successor in interest to ComBank/Winter Park (Freedom Savings). Freedom Savings contends that the claims should be disallowed on the ground that a Satisfaction of Claims signed by the Brewers on behalf of Omega Corporation on February 12, 1980 released any right those parties held to a fund established by order of this Court dated January 30, 1980 consisting of 58.8% of all amounts distributed to unsecured creditors in excess of $902,972.00. The Court heard argument of counsel and considered the extensive record in this case and finds the facts relevant to a resolution of the matter at issue to be as follows:

On December 27, 1979, Lee Jay Colling, trustee in the above-captioned case; Johnie McLeod, attorney for Brewer, et al and Jay Gordon Arkin, attorney for ComBank entered into a settlement stipulation in which the Brewers were to receive $332,932.60 in cash and an agreement that the Brewers would be entitled to participate in any future distribution to unsecured creditors to the extent of 58.8% of any funds distributed to unsecured creditors in a total amount in excess of $902,972.00; the trustee agreed to release the Brewers from all claims including those contained in the trustee's suit then pending against the Brewers in the Ninth Judicial Circuit in and for Orange County, Florida, Case. No. 76–5923; and the Brewers agreed to dismiss with prejudice the appeal then pending in the United States Court of Appeals for the Fifth Circuit, Case No. 79–2531. On January 30, 1980, this Court entered its Order Granting Joint Application for Approval of Settlement Between Lee J. Colling, Trustee, Aldersgate Foundation, Inc., ComBank/Winter Park, Indenture Trustee, and Estill Brewer, Mary Brewer and Omega Corporation. That Order reiterated and approved the terms of the settlement as set forth above.

Upon completion of the cash payment to the Brewers, the parties signed a Satisfaction of Claims of Estill Brewer, Mary Brewer and Omega Corporation, Estate of Aldersgate Foundation, Inc., and Release of Parties which was a mutual release by the parties in accordance with the settlement stipulation and the order approving the settlement stipulation except that it purports to release the Debtor from "all claims" and does not specifically provide for the Brewer's participation in "any future distribution," as outlined in the settlement.

It is Freedom's contention that the provisions of the Satisfaction of Claims are controlling and that they preclude any claim the Brewers have to a percentage of the distribution to unsecured creditors which now appears likely.

The Brewers contend that this Court does not have jurisdiction to consider the matter before it, first, because they were not noticed and, second, because they were precluded from any further participation in the bankruptcy case by order of this Court dated January 30, 1980. This Court is satisfied that it does have jurisdiction and that an objection to the Brewers' claims is to be heard at which time the Brewers, obviously, must be given an opportunity to be heard on that issue despite any previous order of this Court. Despite the fact that they claim they were not properly noticed, the Brewers were represented at the hearing on the Motion to Reconsider the Claims and have ably defended their position.

The Brewers also objected to Freedom's standing to object to the claims, asserting that that right lay solely with the trustee. That argument was addressed and rejected by separate order. It should be pointed out, however, that Freedom was not a party to any of the agreements or the Satisfaction of Claims upon which it relies to object to the Brewers' claim, but is a successor in interest to ComBank. The trustee was, however, a party to the settlement agreement and has not, in the six years since the Satisfaction of Claims was executed, relied on that document to object to the Brewers' contingent claim. The Brewers next contend that even if they concede, as they

must, that the language contained in the Satisfaction of Claims is broad enough to release the Debtor from the Brewers' contingent claim, that their release is unenforceable because it is not supported by valid consideration.

■ After careful consideration of the relevant documents, this Court is satisfied that at the time the Satisfaction of Claims was executed by all parties, the trustee and the estate performed exactly as they had agreed to perform in the settlement agreement which had previously been approved by this Court. There was not one peppercorn which could constitute consideration for the purported modification of the settlement, i.e. the release of the Brewers' contingent claim. It is well established that consideration is necessary to support a contract and that the rule is applicable to a release agreement. *Diesel Heat and Power, Inc. v. Dixon Marine and Industrial Power Transmission, Inc.*, 232 F.2d 217 (5th Cir.1956); *Ray v. Pollock*, 56 Fla. 530, 47 So. 940 (Fla.1908); *Atlantic Coastline R. Co. v. Beazley*, 54 Fla. 311, 45 So. 761 (Fla.1907). It is equally well established that a promise to perform a pre-existing obligation, such as the one established by the settlement agreement approved by the Court, cannot constitute consideration. *Ray v. Pollock, supra.*

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Reconsider Claims of Estill Brewer, Mary Brewer and Omega Corporation filed by Freedom Savings and Loan Association, successor in interest to ComBank/Winter Park be, and the same is hereby, denied and the claims shall stand as filed.